# CHARLESTON.

## WHITE *v.* WILKINSON *et al.*

Submitted January 15, 1902. Decided March 15, 1902.

1. DELINQUENT LAND—*Auditor's Certificate—Sale.*
    If the auditor through mistake or otherwise certify for sale, a

tract of land delinquent, for non-payment of taxes, due thereon to the sheriff of the county, in which such land is not situated, at the date of such certification, a sale thereof made by such sheriff is illegal and void, and a deed made in pursuance thereof by the clerk of the county court is likewise void and vests no title in the purchaser. (p. 197).

Error to Circuit Court, Mingo County.

Action by Reuben White against J. B. Wilkinson and others. Judgment for defendants. Plaintiff brings error.

*Affirmed.*

CAMPBELL, HOLT & DUNCAN, for plaintiff in error.

J. B. WILKINSON and L. A. SAMPSELLE, for defendants in error.

DENT, PRESIDENT:

Reuben White complains of a judgment of the circuit court of Mingo County rendered against him on the 18th day of September, 1900, wherein he was plaintiff and J. B. Wilkinson, *et al.* were defendants. The only question involved in the case is the validity of a tax deed for the land in controversy executed to the plaintiff on the 12th day of December, 1896, by the clerk of the county court of Logan County by virtue of a sale of delinquent lands made by the sheriff of said county in the month of December, 1895.

There are two grounds insisted on as sufficient to invalidate such deed. *First,* that the sheriff did not append his affidavit to the delinquent list before posting the same at the front door of the court house instead of awaiting until he presented the same to the county court. *Second,* that the land at the time it was certified by the auditor to and sold by the sheriff was situated in Mingo and not in Logan County. The first point being a matter of technicality not at all misleading to the land owner is hardly necessary of consideration in the light of the second question.

It is conceded that the land at the time it was returned delinquent was within the county of Logan. Afterwards to-wit, on the 23d day of January, 1895, the county of Mingo was formed by an Act of the Legislature, and the land was included therein. It thereupon by section 5, chapter 31, Code, became

the duty of the clerk of the county court of Logan, to certify the land to the auditor that he might include it in the list to be delivered to the sheriff of Mingo for sale. For some reason or by mistake the Auditor certified the land for sale to the sheriff of the wrong county, and he sold it. Sections 3 and 4, chapter 31, Code, require the Auditor to certify the real estate for sale to the sheriff of the county in which it is situated, and he is without authority to certify it for sale to the sheriff of any other county, and such sheriff is without authority to sell. Hence the sale and deed in pursuance thereof is void.

The court therefore committed no error in dismissing plaintiff's action of ejectment. The judgment is affirmed.

*Affirmed.*